**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| **DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS & CEMENT MASONS COMBINED FUNDS, INC.** 33 Fitch Boulevard Austintown, OH 44515 | |
| **Plaintiffs,** | **Case No.** |
| **v.** | **Judge** |
| **WIN AIR CONSTRUCTION, LTD. doing business as KNOX CONCRETE CONSTRUCTION** P.O. Box 908 Mount Vernon, OH 43050 **Serve Upon:** Chad Ashcraft 18687 New Gambier Rd. Mt. Vernon, OH 43050 | |
| **Defendant.** | |

## COMPLAINT

1.      Plaintiffs, Directors of the Ohio Conference of Plasterers & Cement Masons Combined Funds, Inc., are responsible for collecting fringe benefit contributions due to various employee benefit plans.  Defendant, Win Air Construction, Ltd., doing business as Knox Concrete Construction, is an employer that is obligated to remit fringe benefit contributions to employee benefit plans, based upon a contractually agreed rate, so that Defendant's employees may participate in and receive the benefits provided by the plans.  Plaintiffs bring this action on behalf

of the participants and beneficiaries of the plans for the purpose of compelling a payroll audit of Defendant's records and books to ensure that appropriate contributions have been remitted.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.      Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division at Columbus.

## PARTIES

4.      Plaintiffs, Directors of the Ohio Conference of Plasterers & Cement Masons Combined Funds, Inc., are the Directors of an Ohio nonprofit corporation, established by a number of local unions affiliated with the Operative Plasterers' & Cement Masons' International Association of the United States & Canada, AFL-CIO, and their respective employer counterparts, for the purposes of monitoring and collecting contributions, deductions, interest, and liquidated damages owed to certain employee benefit plans. The plans for which Plaintiffs are responsible for collecting contributions are multiemployer plans and employee benefit plans within the meaning of ERISA §§ 3(3) and 3(37), 29 U.S.C. §§ 1002(3) and 1002(37). Plaintiffs' principal place of business is located at 33 Fitch Boulevard, Austintown, Ohio 44515.

2

5.      Defendant, Win Air Construction, Ltd., is an Ohio limited liability company with its principal place of business located in Mount Vernon, Ohio.  At all relevant times, Defendant used the trade name Knox Concrete Construction.

6.      Defendant is an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2), and ERISA § 3(5), 29 U.S.C. § 1002(5).  Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA §§ 3(11) and 3(12), 29 U.S.C. §§ 1002(11) and 1002(12).

## RELEVANT FACTS

7.      The Ohio Conference of Plasterers and Cement Masons Health and Welfare Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement"), for the purpose of providing health benefits to eligible employees.  (Exhibit A, Health Fund Trust Agreement, at p. 7).  The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3), 29 U.S.C. §§ 1002(1) and 1002(3).  The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

8.      The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives ("Health Trustees"), as required by Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The Health Trustees are the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

9.      The Health Trustees are vested with the authority to collect employer contributions due to the Health Fund.  (Exhibit A, Health Fund Trust Agreement, at p. 15).  In addition, the Health Trustees are vested with the authority to designate persons other than themselves to carry out fiduciary responsibilities to the extent permitted by law.  (Exhibit A, Health Fund Trust

Agreement, at p. 16).  The Health Trustees delegated their authority to collect contributions due to the Health Fund to Plaintiffs.

10.    The Ohio Local No. 1 Operative Plasterers' and Cement Masons' Pension Fund ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust Agreement"), for the purpose of providing pension benefits to certain eligible employees and their beneficiaries.  (Exhibit B, Pension Fund Trust Agreement, at p. 4).  The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3), 29 U.S.C. §§ 1002(2) and 1002(3).  The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C §§ 1002(37) and 1301(a)(3).

11.    The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5).  The Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

12.    The Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund.  (Exhibit B, Pension Fund Trust Agreement, at pp. 4-5).  In addition, the Board of Trustees is vested with the authority to designate persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law.  (Exhibit B, Pension Fund Trust Agreement, at p. 17).  The Board of Trustees delegated its authority to collect contributions due to the Pension Fund to Plaintiffs.

13.    Plaintiffs adopted a Contribution, Collection and Overpayment Policy ("Collection Policy") to ensure employers remit benefit contributions in a timely and orderly manner.  (Exhibit C, Collection Policy).

14. On September 18, 2018, Defendant, by and through its duly authorized agent, executed an Assent of Participation, thereby becoming a party to a Collective Bargaining Agreement ("CBA"). (See Exhibit D, CBA; Exhibit E, Assent of Participation).

15. The CBA requires employers to timely report hours worked by covered employees, and remit fringe benefit contributions to the Health Fund and Pension Plan[1], along with contributions to other employee benefit funds. (See Exhibit D, CBA, pp. 7-8).

16. Despite having a contractual obligation to submit to a payroll audit, and following repeated demands, Defendant has refused to submit to a payroll audit. Because Defendant has failed to submit to a payroll audit, Plaintiffs are unable to ascertain the dollar amount of liability Defendant owes to Plaintiffs in delinquent contributions, liquidated damages and interest.

### COUNT I
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)
### Order Compelling Payroll Audit

17. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

18. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA; Exhibit E, Assent of Participation).

19. The Health Fund Trust Agreement and Pension Fund Trust Agreement (collectively "Trust Agreements") are incorporated by reference in the CBA. (Exhibit D, CBA). The Trust Agreements grant the Health Trustees and Pension Trustees (collectively "Fund Trustees") the authority to compel employers to submit to payroll audits when requested. (Exhibit A, Health Fund Trust Agreement, p. 24; Exhibit B, Pension Fund Trust Agreement, p. 20).

---

[1] The CBA provides that pension contributions are to be paid to the Cement Masons Ohio Local Union #132, Columbus area, O.P. &C.M.I.A. Pension Fund ("132 Pension Fund"). The 132 Pension Fund has been succeeded by the Pension Fund.

20.    The Collection Policy provides that Plaintiffs may compel employers to submit to payroll audits. (Exhibit C, p. 2).

21.    Plaintiffs have demanded that Defendant submit to a payroll audit for the period of September 2018 forward.   Despite having a contractual obligation to submit to the payroll audit, Defendant has refused to comply.

22.    Plaintiffs have no way of ascertaining, absent an audit, whether the Defendant contributed the proper amounts during the audit period.

23.    Because Defendant has refused to voluntarily submit to a payroll audit, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 502(g)(2)(E).

24.    Additionally, because Plaintiffs have been forced to take legal action to compel Defendant's compliance with an audit, under the Collection Policy, Defendant is obligated to reimburse Plaintiffs for the costs, fees, and expenses of the audit. (Exhibit C, p. 2).

**COUNT II**
**ERISA § 515, 29 U.S.C. § 1145**
**Failure to Remit Contributions and Reports**

25.    Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

26.    At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA; Exhibit E, Assent of Participation). Pursuant to the CBA, Defendant is obligated to remit contributions to Plaintiffs with a form indicating the number of hours worked by covered employees. (Exhibit D, CBA, pp. 7-9).

27.    The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, CBA, p. 7).  The Trust Agreements provide that employers are to remit fringe benefit contributions in

accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Health Fund Trust Agreement, p. 15; Exhibit B, Pension Fund Trust Agreement, p. 4).

28. Due to Defendant's failure to submit to a payroll audit, Plaintiffs have no way to ascertain whether Defendant has remitted accurate reports and contributions to Plaintiffs for the period of September 2018 forward.

29. A payroll audit may reveal that Defendant owes Plaintiffs additional contributions for the period of September 2018 forward.

30. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to any and all unpaid contributions owed for the period September 2018 forward, in an amount to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

<u>**COUNT III**</u>
**LMRA § 301, 29 U.S.C. § 185**
**Breach of Contract and Failure to Remit Contribution and Reports**

31. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

32. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA; Exhibit E, Assent of Participation). Pursuant to the CBA, Defendant is obligated to remit contributions to Plaintiffs with a form indicating the number of hours worked by covered employees. (Exhibit D, CBA, p. 7-9).

33. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, CBA, p. 7). The Trust Agreements provide that employers are to remit fringe benefit contributions in accordance with the terms of the applicable collective bargaining agreement. (Exhibit A, Health Fund Trust Agreement, p. 15; Exhibit B, Pension Fund Trust Agreement, p. 4).

34.     Due to Defendant's failure to submit to a payroll audit, Plaintiffs have no way to ascertain whether Defendant has remitted appropriate contributions to Plaintiffs for the period of September 2018 forward.

35.     Due to Defendant's failure to submit to a payroll audit, Plaintiffs have no way to ascertain whether Defendant has submitted all monthly reports of hours worked by covered employees to Plaintiffs for the period of September 2018 forward.

36.     A payroll audit may reveal that Defendant owes Plaintiffs delinquent contributions for the period of September 2018 forward.

37.     Defendant's conduct is in breach of the CBA, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to any and all delinquent contributions for the period September 2018 forward, in an amount to be determined pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT IV
### ERISA § 515, 29 U.S.C. § 1145
### Failure to Pay Liquidated Damages and Interest

38.     Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

39.     At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA; Exhibit E, Assent of Participation).  The CBA provides that delinquent contributions are assessed liquidated damages and interest. (Exhibit D, CBA, p. 9).

40.     The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, CBA, p. 7).  The Trust Agreements grant the Trustees the authority to collect contributions; pursuant to this authority, the Trustees adopted a Collection Policy. (Exhibit A, Health Fund Trust Agreement, p. 15; Exhibit B, Pension Fund Trust Agreements, pp. 4-5; Exhibit C).

41. The Collection Policy provides that contributions that are not received by the 15th day of the month following the month in which the work was performed are delinquent and automatically accrue liquidated damages and interest. (Exhibit C, Collection Policy, pp. 2-3).

42. Upon information and belief, Defendant may have failed to remit full and appropriate contributions due to Plaintiffs for the period of September 2018 forward. Any unremitted contributions are delinquent. As such, Plaintiffs are entitled to liquidated damages and accruing interest on any delinquent contributions from the respective due dates for the months of September 2018 forward.

43. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and therefore Plaintiffs are entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

**COUNT V**
**LMRA § 301, 29 U.S.C. § 185**
**Breach of Contract and Failure to Pay Liquidated Damages and Interest**

44. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

45. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, CBA; Exhibit E, Assent of Participation). The CBA provides that delinquent contributions are assessed liquidated damages and interest. (Exhibit D, CBA, p. 9).

46. The Trust Agreements are incorporated by reference in the CBA. (Exhibit D, CBA, p. 7). The Trust Agreements grant the Trustees with the authority to collect contributions; pursuant to this authority, the Trustees adopted a Collection Policy. (Exhibit A, Health Fund Trust Agreement, p. 15; Exhibit B, Pension Fund Trust Agreement, pp. 4-5; Exhibit C, Collection Policy).

47.     The Collection Policy provides that contributions that are not received by the 15th day of the month following the month in which the work was performed are delinquent and automatically accrue liquidated damages and interest. (Exhibit C, Collection Policy, pp. 2-3).

48.     Upon information and belief, Defendant may have failed to remit full and appropriate contributions due to Plaintiffs for the period of September 2018 forward. Any unremitted contributions are delinquent.  As such, Plaintiffs are entitled to liquidated damages and accruing interest on any delinquent contributions from the respective due dates for the months of September 2018 forward.

49.     Defendant's actions are in breach of the CBA, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to liquidated damages and accruing interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE, Plaintiffs demand the following relief**:

A.     An order compelling Defendant to submit to a payroll audit of its books and records to determine the amount owed to Plaintiffs in delinquent contributions, liquidated damages and interest for the period September 2018 through the date of Defendant's full and complete cooperation with audit;

B.     Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of September 2018 through the date of Defendant's full and complete cooperation with audit, in an amount yet to be determined;

C.     Judgement in favor of Plaintiffs and against Defendant for liquidated damages and accruing interest from the respective due dates for the period of September 2018 through the date of Defendant's full and complete cooperation with audit, plus any additional interest accrued at the time of an entry of Judgment, in an amount yet to be determined;

D.     An award of Plaintiffs' audit fees and costs;

E.     That this Court retain jurisdiction over this cause pending compliance with all Orders;

F.     An award of reasonable attorney's fees incurred in connection with this action as provided by the Trust Agreements and ERISA § 502(g), 29 U.S.C. § 1132(g); and

G.     Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated: March 9, 2020

Respectfully submitted,

s/ Thomas R. Kendall
Tenechia D. Lockhart (Ohio Bar #93648)
Thomas R. Kendall (Ohio Bar #80996)
LEDBETTER PARISI LLC
5078 Wooster, Suite 400
Cincinnati, Ohio 45226
937-619-0990
937-619-0999 (fax)
tlockhart@fringebenefitlaw.com
tkendall@fringebenefitlaw.com
*Counsel for Plaintiffs*